McKinney, J.,
delivered the opinion of the Court.
This was an action of ejectment. The lessor of the plaintiff claims title to the lots of ground described in the declaration, as a purchaser at execution sale. And the only point raised in the agument here is in respect to the mode of service of the written notice, required by the act of 1799, ch, 14, sec. 1, to be given by the officer levying an execution on real property, to the defendant in actual possession and occupation thereof, at the time of such levy.
The Sheriff in his return of sale, states, that he left a notice at the house of John White, the defendant in the execution, who was in the actual possession of, and resided upon the premises. The Sheriff’s deed recites, that notice was given, and the sale of the property advertised according to law. And on the trial in the Circuit Court, it was proved, by the testimony of the Sheriff, that he left a notice at the *80 house of said John White, but that there was no personal service thereof on him.
His Honor, the Circuit Judge, instructed the jury, that it was not indispensable that the notice should be delivered to, or served on the defendant in the execution personally, although this ought to be done, if practicable. “ But, if this cannot be done, then the Sheriff may leave the notice at the residence of the party. If left at the dwelling house of the party, it should be handed to some member of the family: or, if that cannot be done, then it should be placed in some such conspicuous place in the house, as necessarily to attract the attention of the party upon his return. Á notice thrown carelessly into the house, or upon the steps, or under the door, would not be sufficient.”
The counsel for the plaintiff in error insists, that this charge is erroneous on the ground, that the act of 1799, requires personal service of notice on the defendant in the execution, if in actual possession and occupation of the premises levied on ; and, that in the absence of such personal service, the sale Is void.
We are not inclined, after so long an acquiescence, to question the construction given to the act of 1799, ch. 14, in Trott and McBroom vs. McGavock, 1 Yerg. 469, and recognized in subsequent cases: neither are we disposed to extend the doctrine farther than those cases have gone, much less to establish a new principle, which they do not sanction. No previous adjudication on this subject has intimated, that the service of notice must be personal service. The statute does not, in terms, require personal service; and it is obvious, that such a construction would place it in the power of the party, in many cases, to defeat a sale by evading service.
It has been held repeatedly, that a recital in the Sheriff’s deed, that notice had been given according to law, is to be taken as prima facia evidence of a compliance, by the officer. *81 with the requirements of the act of 1799; because, being a sworn officer, he is presumed to have performed his duty, and to have observed the mandate of a statute directory to him, Upon the same principle we hold, that the return, and statement of the Sheriff, that he left a notice at the dwelling house of the defendant in the execution, is to be taken as implying prima facie, that personal service could not be effected, and that the mode of service adopted, by leaving notice at the residence of the party, was in alPrespects regular and proper: leaving it to the party interested in establishing the contrary, to show that the fact was otherwise-.
It follows, therefore, that the plaintiff in error can take no exception to the charge of the Circuit Judge. The fact as to notice was fairly left to the jury, and we cannot say that their finding is without any evidence to support it.
Let the judgment be affirmed.